SUPERIOR COURT 
 
 COMMONWEALTH OF MASSACHUSETTS v. MV REALTY PBC, LLC; MV OF MASSACHUSETTS, LLC; MV BROKERAGE OF MASSACHUSETTS, LLC; MV REALTY HOLDINGS, LLC; MV REALTY RECEIVABLES 1, LLC; MV RECEIVABLES II, LLC; MV RECEIVABLES III, LLC;

 
 Docket:
 2284CV02823-BLS2
 
 
 Dates:
 February 27 2025
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER ALLOWING THE COMMONWEALTH’S THIRD MOTION FOR SANCTIONS
 
 

 MV Realty PBC, LLC, and MV of Massachusetts, LLC (collectively “MV”) engaged in the business of advancing money to cash-strapped Massachusetts homeowners in exchange for a 40-year exclusive right to list their home for sale as a “non-agent facilitator,” with a right to repayment of at least 10 times the original loan amount, and more if property values have increased. MV requires homeowners to promise repayment at these levels if they sell or convey their home, or die and leave their home to heirs, within 40 years. Though it structures these deals as sales commission arrangements, in economic reality MV is making high-interest loans secured by a mortgage interest in the property.
The Commonwealth contends that Defendants’ activity in Massachusetts constitute unfair and deceptive practices that violate the consumer protection act, G.L. c. 93A. The Commonwealth originally sued only MV Realty PBC and MV of Massachusetts. It filed an amended complaint adding claims against the other defendants on August 27, 2024. Antony Mitchel is CEO of MV Realty PBC and an officer of the other LLC defendants. David Manchester is COO of MV Realty PBC and an officer of two other defendants.
Judge Squires-Lee found that MV Realty PBC and MV of Massachusetts were in contempt of court for deliberately violating discovery orders twice in the last six months, and imposed sanctions upon them. The Commonwealth has now filed its third motion for sanctions under Mass. R. Civ. P. 37(b)(2).
The Court finds that MV Realty PBC and MV of Massachusetts are yet again in contempt of court, this time for deliberately violating Judge Squires-Lee’s order that MV produce certain categories of documents by August 2, 2024. The Court will therefore allow the Commonwealth’s third motion for sanctions. In the
 
                                                            -1-
 
exercise of its discretion, the Court finds that the appropriate sanction for these two defendants’ continuing refusal to comply with explicit court discovery orders is to default MV Realty PBC and MV of Massachusetts. This sanction establishes that these two defendants are liable as to all claims against them in this action. The Court will also order that these defendants pay the reasonable attorneys’ fees and costs incurred by the Commonwealth in trying to address their continuing discovery violations.
1. Prior Sanctions Orders. MV has already been sanctioned twice for violating court orders to produce specific categories of documents or information that the Commonwealth sought in discovery requests.
First, in March 2024, this Court (Salinger, J.), allowed the Commonwealth’s motion to compel MV to produce three categories of documents: recordings of MV’s calls with Massachusetts consumers; the contents of MV’s Massachusetts- specific Slack channels; and an up-to-date version of a spreadsheet that MV previously produced containing details of MV’s Homeowner Benefit Agreement offers.
In September 2024, Judge Squires-Lee found that MV Realty PBC and MV of Massachusetts were in contempt of court for failing to comply with this March 2024 order. She issued a first order imposing sanctions in this case, providing that three material facts would be taken as established, that there would be a rebuttable presumption that two other material facts were true, and that MV may not introduce certain categories of evidence that it had failed to produce.
Second, in July 2024, Judge Squires-Lee ordered MV to answer nine interrogatories propounded by the Commonwealth.
In November 2024, Judge Squires-Lee again found that MV Realty PBC and MV of Massachusetts were in contempt of court, this time for failing to comply with her July 2024 order to answer certain interrogatories. She issued a second order imposing sanctions, providing that six additional material facts would be taken as established, that MV may not introduce any evidence concerning agent training other than the materials that it had produced in response to the Commonwealth civil investigative demand, and that MV must pay the reasonable attorneys’ fees and costs attributable to the Commonwealth’s second motion for sanctions.
In December 2024, Judge Squires-Lee ordered MV to pay $34,137.50 to compensate the Commonwealth for its reasonable fees and costs in connection
 
                                                            -2-
 
with the second motion for sanctions, and to do so by January 3, 2025. During a hearing last month, the Commonwealth represented that MV violated this order and has still not paid the amount ordered by Judge Squires-Lee. MV did not disagree. Since this apparent further violation of a court order was not identified as a basis for imposing further sanctions in the Commonwealth’s third motion for sanctions, the Court will not address this issue at this time.
2. Findings as to Further Violations. The Commonwealth has shown and the Court finds that MV continues to disregard and deliberately violate the court’s discovery orders. The Court credits the Commonwealth’s affidavit and makes the following findings.
In July 2024, Judge Squires-Lee allowed the Commonwealth’s second motion to compel production of documents sought in the Commonwealth’s fourth set of requests for document production. MV never bothered to serve any written response to the fourth set of document requests until after the Commonwealth served its motion to compel, and did not produce any of the documents sought by the Commonwealth.
Judge Squires-Lee ordered that MV must produce all responsive documents by August 2, 2024, and further ordered that all objections were deemed waived because “[a] party may not ignore a discovery deadline and then, after service of a motion to compel, purport to object to discovery requests.”
MV has in large part ignored the order that it produce documents responsive to the fourth set of document requests by August 2, 2024. It did not produce any of the requested documents by that date, and still has withheld most categories of documents that it had been ordered to produce. The Court finds that the documents withheld by MV are of critical importance in this case.
MV has deliberately failed to produce responsive documents that it has in its possession, custody, or control.
First, MV has failed to produce all communications with Massachusetts residents that are responsive to requests 1, 2, and 4. MV asserts in its opposition that it has produced whatever responsive documents it is able to access, but that “these initial communications were originally sent to MV customers through DocuSign, and MV does not have access to those original communications.” That representation is false. In October 2024, MV submitted an affidavit by its CEO Antony Mitchell, stating in part that MV had recently compiled certain information by “reviewing DocuSign accounts of those who
 
                                                            -3-
 
participated in this part of MV’s outreach program and look[ing] at each document sent.” If MV is able to access communications with customers sent through DocuSign when doing so is to its advantage—as its CEO has confirmed—then MV has possession, custody, or control over those documents and must also produce them when requested by the Commonwealth. Its refusal to do so is a deliberate, contumacious violation of the July 2024 court order to produce documents.
Second, MV has failed to produce all scripts that its agents used in speaking with Massachusetts customers, as required under request 3. MV contends in its opposition that it should not have to search for and produce responsive documents because the Commonwealth had sufficient opportunity to ask about call scripts during its two-day deposition of an MV employee who coordinated calls to MV customers. Not so. There is no doubt that the scripts exist; MV’s CEO has provided an affidavit in which he confirmed that “MV used a call script to ensure that the conversation covered the same topics with each customer.” And Judge Squires-Lee ordered MV to produce those scripts. MV’s refusal to find and produce copies of all such scripts is another deliberate violation of her order.
Third, in January 2024 MV was permitted to depose the Commonwealth in connection with an Adversary Proceeding related to a bankruptcy proceeding in federal court in Florida. During that deposition, MV’s counsel marked as exhibits six emails between MV sales agents and Massachusetts customers that are responsive to the Commonwealth’s fourth set of document requests but that MV has never produced to the Commonwealth in this action. This is further evidence that MV has deliberately chosen not to search for and produce all responsive documents as ordered by the court.
MV argues that it is produced “documents that are sufficiently responsive to the Commonwealth’s Request Nos. 1–4.” But Judge Squires-Lee ordered MV to produce all responsive documents, not to pick and choose what it was willing to provide to the Commonwealth, and stop producing documents once MV decided that it had been “sufficiently responsive.” MV’s insistence that it can decide to produce some subset of responsive documents, and deems its efforts to be sufficient, is yet another way in which MV has deliberately chosen to disregard the court’s clear order to produce all responsive documents.
With respect to document requests 8 to 10 concerning early termination fees, MV argues that it has produce a number of responsive documents. But MV has
 
                                                            -4-
 
not represented and certainly not established that it produced all responsive documents that are in its possession, custody, or control. Since Judge Squires- Lee ordered MV to produce responsive documents, MV was also obligated under Superior Court Rule 30A, ¶ 3(c), to “articulate with clarity the scope of the search conducted or to be conducted.” The Commonwealth asked MV in writing to do so. MV has ignored and never complied with that obligation, either by producing a Rule 30A statement or by providing an affidavit from someone with personal knowledge about the scope of MV’s search for documents. MV’s refusal to explain the scope of its search for responsive documents and complete failure to ensure that it is has produced all responsive documents is a further deliberate violation of Judge Squires-Lee’s order compelling the immediate production of responsive documents.
3. Appropriate Sanctions. The Court finds that MV Realty PBC and MV of Massachusetts have engaged in continuing, deliberate, and flagrant violations of court orders compelling further discovery responses. MV’s course of conduct in flouting its discovery obligations and willfully violating clear court orders is shocking. Even after being sanctioned for violating discovery orders twice before, MV chose to disregard a clear and specific court order to search for and to produce all documents in its possession, custody, or control that are responsive to the Commonwealth’s fourth set of document requests. The deliberate misconduct by the original two defendants is egregious.
Since lesser sanctions have not succeeded in securing MV’s compliance with discovery orders, MV refuses to search for and produce responsive documents that are of central importance in this case, and MV’s repeated and continuing violation of court orders is willful and deliberate, the Court concludes in the exercise of its discretion that the default sanction sought by the Commonwealth against MV Realty PBC and MV of Massachusetts is reasonable and appropriate. See Mass. R. Civ. P. 37(b)(2)(C) (order “rendering a judgment by default against the disobedient party” is permissible sanction against party that “fails to obey an order to provide or permit discovery”); Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 401–402 (2005) (affirming imposition of default judgment as sanction for continuing and deliberate violation of discovery orders after lesser sanctions had not secured compliance); Roxse Homes Ltd. Partnership v. Roxse Homes, Inc., 399 Mass. 401, 404–406 (1987) (affirming ultimate sanction of judgment against defendant that deliberately violated court order to produce documents; sanction would have been warranted even if noncompliance did not prejudice the plaintiff); Eagle Fund, Ltd. v. Sarkans, 63
 
                                                            -5-
 
Mass. App. Ct. 79, 86 (2005) (affirming default judgment against defendant as sanction for refusing to provide or destroying documents, and violating order to provide handwriting exemplars); Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 805–806 (2002) (affirming default judgment against defendant-in- counterclaim as sanction for “persistent and flagrant” violations of court’s discovery orders).
As permitted under Rule 37(b)(2), the Court will also require that MV Realty PBC and MV of Massachusetts pay the reasonable expenses, including attorneys’ fees, that the Commonwealth incurred because of these defendants’ failure to comply with the order to produce documents responsive to the Commonwealth’s fourth set of document requests.
ORDER
The Commonwealth’s third motion for sanctions against Defendants for failure to comply with order to compel is allowed. Having found that defendants MV Realty PBC, LLC, and MV of Massachusetts, LLC, are once again in contempt of Court—this time for a deliberate failure to comply with the court’s order dated July 19, 2024, to provide all responsive documents within two weeks— the Court, in the exercise of its discretion, orders that MV Realty PBC, LLC, and MV of Massachusetts, LLC are hereby defaulted and deemed to be liable on all claims asserted against them in this civil action.
In addition, MV Realty PBC, LLC, and MV of Massachusetts, LLC shall pay the reasonable expenses, including attorneys’ fees, that the Commonwealth incurred because of these defendants’ failure to comply with the court’s July 2024 order to produce responsive documents. The Commonwealth shall provide the Court with a statement of any fees and costs that it incurred because of these defendants’ noncompliance with this order by March 20, 2025.